IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

THORNTON GROUP TECHNOLOGY, LLC            PLAINTIFF

V.            CIVIL ACTION NO. 3:23-CV-433-SA-RP

PRIME HEALTH PARTNERS, LLC;
ELITE MEDICAL LABORATORY SOLUTIONS, LLC;
AND DOES 1-50            DEFENDANTS

ORDER

On January 29, 2024, Thornton filed its Second Amended Complaint [10] against Prime Health Partners, LLC and Elite Medical Laboratory Solutions, LLC. Thornton later filed a Proof of Service [12], indicating that it completed service of process on Elite on January 30, 2024. After Elite did not timely respond, the Clerk of Court entered a Notice of Past Due Answer.

Now, Thornton has filed a Motion for Default Judgment [13], requesting that the Court "grant its Motion for Default Judgment and enter judgment in favor of Plaintiff." [13] at p. 1. The request is premature.

"Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there *must* be an entry of default as provided by Rule 55(a)." *Harvey v. Westwego Police Dept.*, 2023 WL 6644416, at *2 (E.D. La. Oct. 12, 2023) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 (4th ed. 2023)) (emphasis added). "In other words, a plaintiff seeking a default judgment must proceed through two steps. First, the plaintiff must show proper service of the complaint and move for an entry of default, which is simply a notation of the party's default on the clerk's record of the case. . . Second, after default has been entered, the plaintiff may move for a default judgment under Rule 55(b)." *Id*. (citation and quotation marks omitted).

Thornton has not completed the first step of this two-step process, as it has not moved for an entry of default. Therefore, the present Motion [13] is procedurally improper and therefore DENIED.

SO ORDERED, this the 28th day of February, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE